**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WILLIAM BRUCE HARRISON and SOPHIE ELIZABETH CLANCY,<br><br>Plaintiffs,<br><br>v.<br><br>FLT EQUITY, LLC,<br><br>Defendant. | CIVIL NO. __________(_____)<br><br>RE: COLLECTION OF MONEY; BREACH OF CONTRACT; DAMAGES<br><br>Removed from Civil No. SJ2026CV04462 |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT**:

Defendant FLT EQUITY, LLC ("FLT" or "Defendant"), without waiving and expressly reserving each and every defense and objection available to it, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and 48 U.S.C. § 864, hereby gives notice of the removal to this Honorable Court of the civil action described below, which is currently pending before the Court of First Instance of Puerto Rico, San Juan Superior Court, and in support thereof respectfully STATES, ALLEGES AND PRAYS:

### I. THE STATE COURT ACTION

1. On June 2, 2026, plaintiffs William Bruce Harrison ("Harrison") and Sophie Elizabeth Clancy ("Clancy") (collectively, "Plaintiffs") filed a complaint (the "Complaint") against FLT before the Court of First Instance of Puerto Rico, San Juan Superior Court, in the civil action captioned *William Bruce Harrison, et al. v. FLT Equity, LLC*, Civil No. SJ2026CV04462, for collection of money, breach of contract and damages (the "State Court Action"). A copy of the Complaint, which was drafted and filed in the English language, is attached hereto as Exhibit 1.

2. The Complaint arises out of a Residential Lease Agreement dated October 13, 2025 (the "Lease") between Plaintiffs, as lessees, and FLT, as lessor, for the residential real property located at 2061 Cacique Street, Ocean Park, San Juan, Puerto Rico 00911 (the "Property"), for the term of December 1, 2025 through December 1, 2027. Complaint ¶¶ 5–7.

3. Plaintiffs allege that they paid FLT $35,000.00 as the first month's rent and $35,000.00 as a security deposit, for an aggregate of $70,000.00; that the Property was not delivered in a condition adequate for its intended use because of the presence of crystalline (quartz) silica dust; that they terminated the Lease effective December 31, 2025; and that FLT failed to reimburse the $70,000.00. Complaint ¶¶ 8, 10–23.

4. The Complaint asserts five causes of action and seeks, among other relief: (a) $70,000.00 for the reimbursement of the first month's rent and the security deposit; (b) $115,000.00 in damages for the differential between the rent payable under the Lease and the rent payable under a substitute residential lease; (c) $9,204.00 for the cost of an industrial hygiene inspection and report; (d) contractual costs, expenses and reasonable attorney's fees; (e) attorney's fees for temerity of no less than $10,500.00 pursuant to Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App. V, R. 44.1(d); and (f) pre-judgment, default and post-judgment interest. Complaint ¶¶ 29–52 and prayer for relief.

5. The record of the State Court Action reflects the following relevant procedural history:

(a) June 2, 2026 - the Complaint was filed (Entry No. 1);

(b) June 2, 2026 - Plaintiffs filed a motion submitting the proposed summons for issuance (Entry No. 2);

(c) June 8, 2026 - the Clerk issued the summons (Entry No. 3), addressed to FLT at 2082 Michelson Drive, 4th Floor, Irvine, California 92612;

(d) July 10, 2026 - Plaintiffs filed a Motion Requesting Authorization to Serve Process by Edict pursuant to Rule 4.6(a) of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App. V, R. 4.6(a) (Entry No. 5);

(e) July 10, 2026, notified on July 13, 2026 - the court denied that motion and required Plaintiffs to file a sworn statement describing the efforts made to obtain an address for FLT in Puerto Rico (Entry No. 6);

(f) July 15, 2026 - Plaintiffs filed a Motion for Reconsideration of Order Denying Request for Authorization to Serve Summons by Edict (Entry No. 7);

(g) July 17, 2026, notified on July 21, 2026 - the court granted reconsideration and entered an Order Authorizing Service of Process by Edict (Entry Nos. 8 and 9);

(h) July 21, 2026 - the Clerk issued the summons by edict;

(i) August 5, 2026 - the summons by edict was published in *El Vocero de Puerto Rico*;

(j) August 12, 2026 - Plaintiffs represent that they caused copies of the Complaint, the summons by edict, the sworn statement of publication, the published edict and the Order to be mailed to FLT by certified mail, return receipt requested, No. 7013 0600 0000 9599 4175; and

(k) August 13, 2026 - Plaintiffs filed a Motion Submitting Evidence of Publication of Summons by Edict (Entry No. 12).

6. FLT has not appeared, answered, moved or otherwise pleaded in the State Court Action, and no answer, counterclaim or other responsive pleading has been filed therein. Other than the documents attached hereto, no process, pleadings or orders have been served upon FLT in the State Court Action.

7. FLT is the sole defendant in the State Court Action. The unanimity requirement of 28 U.S.C. § 1446(b)(2)(A) is therefore satisfied.

## II. THIS NOTICE OF REMOVAL IS TIMELY

8. A notice of removal must be filed within thirty (30) days after the defendant's receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). That thirty-day period is triggered only by formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

9. The earliest date on which service of process upon FLT could arguably be deemed to have been effected is August 5, 2026, the date on which the summons by edict was published in El Vocero de Puerto Rico. This Notice of Removal is filed within thirty (30) days of that date.

10. Moreover, Rule 4.6 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App. V, R. 4.6, and the Order Authorizing Service of Process by Edict entered on July 17, 2026 both require that, within ten (10) days following the publication of the edict, copies of the summons and of the complaint be sent to the defendant by certified mail, return receipt requested, at its last known address. Plaintiffs represent that they effected that mailing on August 12, 2026. This Notice of Removal is likewise filed within thirty (30) days of that date.

11. Because the State Court Action was commenced on June 2, 2026, this removal is also well within the one-year outer limit of 28 U.S.C. § 1446(c)(1).

12. Nothing contained in this Notice of Removal constitutes an admission or concession that service of process upon FLT was properly requested, authorized, effected or perfected, or that the Court of First Instance acquired personal jurisdiction over FLT. FLT expressly reserves each and every defense and objection available to it, including without limitation lack of personal jurisdiction, insufficient process and insufficient service of process under Fed. R. Civ. P. 12(b)(2),

(4) and (5), which it will timely assert in accordance with Fed. R. Civ. P. 81(c)(2). The filing of a notice of removal does not waive such defenses. To the extent that service of process upon FLT was never validly perfected, the thirty-day period of 28 U.S.C. § 1446(b)(1) has not begun to run, and this removal is timely a fortiori.

## III. THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(A)(1)

13. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a)(1), because it is a civil action between citizens of different States in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The action is therefore removable pursuant to 28 U.S.C. § 1441(a). The federal removal statutes govern the removal of civil actions from the courts of the Commonwealth of Puerto Rico to this Court to the same extent that they govern removal as between the courts of the several States and the district courts of the United States. 48 U.S.C. § 864; *Camacho v. Autoridad de Teléfonos de P.R.*, 868 F.2d 482 (1st Cir. 1989).

### *A. There is complete diversity of citizenship between the parties*

14. For purposes of 28 U.S.C. § 1332, the Commonwealth of Puerto Rico is a "State." 28 U.S.C. § 1332(e).

15. Plaintiffs are citizens of the Commonwealth of Puerto Rico. Plaintiffs are natural persons who, as affirmatively alleged in their own Complaint, reside and are domiciled at 1402 Luchetti Street, San Juan, Puerto Rico 00907, where they live together with their child. Complaint ¶ 3. Plaintiffs further allege that, on December 17, 2025, they entered into a lease for a substitute residence in the San Juan area for the period of January 1, 2026 through December 31, 2027, because they "did not have another place to reside in Puerto Rico." Complaint ¶¶ 24–25. Plaintiffs were citizens of the Commonwealth of Puerto Rico on June 2, 2026, when the State Court Action

was commenced, and remain citizens of the Commonwealth of Puerto Rico as of the filing of this Notice of Removal.

16. FLT is a limited liability company. For purposes of diversity jurisdiction, the citizenship of an unincorporated entity such as a limited liability company is determined by the citizenship of each and every one of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990).

17. FLT is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 2082 Michelson Drive, 4th Floor, Irvine, California 92612. Complaint ¶ 4. The member[s] of FLT [is/are] citizen of the State of California. No member of FLT is, or was on June 2, 2026, a citizen or domiciliary of the Commonwealth of Puerto Rico.

18. Accordingly, FLT is not a citizen of the Commonwealth of Puerto Rico, and complete diversity of citizenship existed between Plaintiffs and FLT both at the time the State Court Action was commenced and at the time of the filing of this Notice of Removal.

19. Because FLT - the sole defendant, and the only defendant properly joined and served, if served at all - is not a citizen of the Commonwealth of Puerto Rico, the forum-defendant limitation of 28 U.S.C. § 1441(b)(2) does not bar this removal. *See Samaan v. St. Joseph Hosp.*, 670 F.3d 21 (1st Cir. 2012).

***B. The matter in controversy exceeds $75,000.00, exclusive of interest and costs***

20. The Complaint pleads liquidated sums which, in the aggregate and exclusive of interest and costs, total $194,204.00:

(a) $70,000.00 for the reimbursement of the first month's rent and the security deposit paid under the Lease (Complaint ¶¶ 30–33 and prayer for relief ¶ (a));

(b) $115,000.00 in damages for the differential between the rent payable under the Lease and the rent payable under the substitute residential lease for the period of

January 1, 2026 through November 30, 2027 (Complaint ¶¶ 35–37 and prayer for relief ¶ (d)); and

(c) $9,204.00 for the cost of the industrial hygiene inspection and report (Complaint ¶¶ 39–42 and prayer for relief ¶ (e)).

21. In addition to the foregoing, the Complaint seeks the costs, expenses and attorney's fees (Complaint ¶¶ 44–47 and prayer for relief ¶ (f)), as well as attorney's fees for temerity of "no less than $10,500" pursuant to Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App. V, R. 44.1(d) (Complaint ¶ 52 and prayer for relief ¶ (g)).

22. The amount in controversy pleaded on the face of the Complaint therefore exceeds $75,000.00, exclusive of interest and costs, by a substantial margin. FLT does not concede the merits of any of Plaintiffs' claims or the recoverability of any of the amounts claimed; the sums are set forth solely for the purpose of establishing the jurisdictional amount.

## IV. Venue

23. Venue for this removal is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the District of Puerto Rico is the district court of the United States for the district and division embracing the place where the State Court Action is pending, namely the Court of First Instance of Puerto Rico, San Juan Superior Court.

## V. Compliance With 28 U.S.C. § 1446 and the Local Rules

24. This Notice of Removal contains a short and plain statement of the grounds for removal and is signed pursuant to Fed. R. Civ. P. 11 and Local Rule 11. 28 U.S.C. § 1446(a).

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders in the State Court Action are attached hereto as Exhibits 1 & 2.

26. All pleadings and proceedings in this Honorable Court are conducted in the English language. 48 U.S.C. § 864. Accordingly, and in compliance with Local Rule 5(c), each document attached hereto that was filed in the Spanish language in the State Court Action is accompanied by a certified translation into the English language prepared by Aída Torres, a United States Courts Certified Interpreter (USCCI), which satisfies Local Rule 5(c)(1). The Complaint (Exhibit 1) was drafted and filed in the English language and requires no translation.

27. Pursuant to 28 U.S.C. § 1446(d), promptly upon the filing of this Notice of Removal, FLT will (a) give written notice of the filing hereof to Plaintiffs through their counsel of record, and (b) file a copy of this Notice of Removal with the Clerk of the Court of First Instance of Puerto Rico, San Juan Superior Court, whereupon that court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *see Roman Catholic Archdiocese of San Juan v. Feliciano*, 589 U.S. 57 (2020); *Piñero v. HUD*, 592 F. Supp. 2d 233 (D.P.R. 2008).

28. Contemporaneously with this Notice of Removal, FLT files its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.

29. Pursuant to Fed. R. Civ. P. 81(c)(2), FLT will file its answer or other response to the Complaint within seven (7) days after the filing of this Notice of Removal. *See Placeres v. Costco Wholesale Corp.*, 541 F. Supp. 3d 217 (D.P.R. 2021).

30. By removing the State Court Action to this Honorable Court, FLT does not waive, and expressly reserves, each and every defense, objection, exception and right available to it, including without limitation those set forth in paragraph 12 above and any right to seek the dismissal, stay or transfer of this action.

**WHEREFORE**, defendant FLT Equity, LLC respectfully gives notice that the civil action captioned *William Bruce Harrison, et al. v. FLT Equity, LLC*, Civil No. SJ2026CV04462, pending

before the Court of First Instance of Puerto Rico, San Juan Superior Court, is hereby removed to the United States District Court for the District of Puerto Rico, and respectfully requests that this Honorable Court assume full and exclusive jurisdiction over the action as provided by law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4 day of September, 2026.

**INVENIO LAW**
Attorneys for Defendants
PO Box 9021829
San Juan PR 00902-1829
787-724-8117/787-725-8748
**s/ Juan J. Hernández López de Victoria**
USDC 210713
jjhernandez@inveniolawpr.com
**s/ Oscar J. Bezares Lamboy**
USDC 309605

obezares@inveniolawpr.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this same date a true and exact copy of this Notice of Removal, together with its exhibits, has been served upon counsel for Plaintiffs, Eduardo J. Corretjer Reyes, Esq., Corretjer, L.L.C., 625 Ponce de León Ave., San Juan, Puerto Rico 00917-4819, ejcr@corretjerlaw.com, by electronic mail and by first-class mail, and that a copy of this Notice of Removal is being filed on this same date with the Clerk of the Court of First Instance of Puerto Rico, San Juan Superior Part, in Civil No. SJ2026CV04462, all pursuant to 28 U.S.C. § 1446(d).

**INVENIO LAW**
Attorneys for Defendants
PO Box 9021829
San Juan PR 00902-1829
787-724-8117/787-725-8748
**s/ Juan J. Hernández López de Victoria**
USDC 210713
jjhernandez@inveniolawpr.com
**s/ Oscar J. Bezares Lamboy**
USDC 309605
obezares@inveniolawpr.com